## 59083. BOBO v. THE STATE.

DEEN, Chief Judge.

Lester Bobo brings this appeal following the revocation of his probation for driving without a license.

"[E]xcept in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment. This holding does not preclude the State of Delaware or other States from developing methods for spot checks that involve less intrusion or that do not involve the unconstrained exercise of discretion. Questioning of all oncoming traffic at roadblock-type stops is one possible alternative. We hold only that persons in automobiles on public roadways may not for that reason alone have their travel and privacy interfered with at the unbridled discretion of police officers." Delaware v. Prouse, — U. S. — (99 SC 1391, 59 LE2d 660) (1979).

In the present case, the police officer testified that he was patrolling a residential area to see if he could determine who was vandalizing a house in the area. At approximately 2 a.m., the officer saw a pickup truck with several occupants in it talking to some other people in a vehicle near an intersection. As the officer approached, the vehicles left in different directions and he followed the defendant's truck. After stopping the defendant, the officer learned that the defendant could not produce a driver's license on demand. The officer stated that he observed the vehicle for approximately two minutes before pulling it over, that he did not know the identity of the vehicle or its occupants, that he did not see any

mechanical difficulties or failure of the truck nor did he see any traffic rules or regulations violated. He admitted that the only reason for stopping the truck was the reported vandalism in the area and the time of night.

We hold that the trial court erred in denying defendant's motion to strike the officer's testimony. Defendant was not required to file a pretrial motion to suppress when there was no physical evidence to be introduced into evidence against him; the motion to strike the officer's testimony was sufficient. See *Brockington v. State*, 152 Ga. App. 11 (262 SE2d 170) (1979); *Goswick v. State*, 150 Ga. App. 279 (257 SE2d 303) (1979).

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JANUARY 10, 1980 — DECIDED FEBRUARY 15, 1980 — REHEARING DENIED FEBRUARY 29, 1980 —

*Robert S. Ogletree,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.