70643. BROWNING v. THE STATE.
(336 SE2d 41)

McMurray, Presiding Judge.

The defendant was indicted for the armed robbery of the Pizza Hut restaurant in Carrollton, Georgia and for kidnapping two of the restaurant's employees. Prior to trial, the defendant moved the court for an order suppressing the use of evidence which was seized from the defendant's apartment on the ground that it was obtained in an illegal search and seizure. After a hearing, the trial court denied the defendant's motion and the trial proceeded.

The evidence at trial showed that on June 24, 1984, at about two o'clock in the morning, Charles Leonard, assistant manager of the Pizza Hut, and Dennis Mitchell, an employee of the Pizza Hut, had just closed the restaurant and were in the parking lot when a woman with a sack over her head, carrying a pistol and wearing blue jeans, tennis shoes and gloves, approached Leonard and demanded money. Leonard gave the robber part of the night deposit. The robber then led Leonard and Mitchell into the restaurant and ordered Leonard to give her money from the restaurant's safe. Leonard complied with the robber's demand. She then forced the men into a storage cooler at gunpoint. Several minutes later, Leonard came out of the cooler and called the police.

Leonard and Mitchell told the police that they thought the robber was a certain former employee whose name was Jill Browning (the defendant). They based their identification upon their recognition of her voice and her physical appearance although the robber never removed the hood and gloves she wore during the robbery. Both men were familiar with the defendant because she had been an employee of the Pizza Hut for about a month prior to the armed robbery.

Based on this information, the police went to the defendant's apartment, conducted a search and recovered a loaded .22 caliber pistol. The pistol was introduced into evidence and was identified as the weapon used by the armed robber. The police also recovered a quantity of cash ($1,118) which was found inside envelopes along with bills belonging to the defendant. The police also searched an automobile (which was said to be used by the defendant on the night of the rob-

bery) and recovered a pair of gloves and a pair of tennis shoes. The gloves were introduced into evidence and were identified as the ones worn by the armed robber. Other evidence, obtained upon a second search of the defendant's apartment, revealed "a pillow case or hood" and money bags belonging to the Pizza Hut. These items were entered into evidence.

From this and other evidence presented, the jury found the defendant guilty of the crimes charged and she now appeals. *Held*:

1. In her first enumeration of error the defendant argues that the trial court erred in overruling her motion to suppress evidence. The record shows that the police conducted two warrantless searches of the defendant's apartment. The first search was conducted on June 24, 1984, with the consent of the defendant's roommate, Lisa Halsey. This search uncovered evidence which led to the defendant's arrest later that day.

The second search was conducted on July 2, 1984. The police conducted this search as a result of additional information they had collected during the course of their investigation which gave them reason to believe that a more thorough search of the defendant's apartment would reveal additional evidence. This search was done with the consent of Tim Godby, the property manager for the real estate company (landlord) handling the management of the apartment complex where defendant resided, and Lisa Halsey, and revealed key evidence which linked the defendant to the crimes charged. (The defendant was in jail at the time of the second search.)

The defendant does not dispute the validity of the first search; however, she argues that the July 2, 1984, search was not legal because neither her landlord nor her former roommate had authority to consent to the search at that time. See generally *United States v. Matlock*, 415 U. S. 164 (94 SC 988, 39 LE2d 242). In this regard the evidence adduced at trial shows that the day after the first search, June 25, 1984, Lisa Halsey moved out of the defendant's apartment leaving no major items behind; and that after Halsey's move-out and while the defendant was in jail, the defendant's landlord put new locks on the door on the apartment in order to hold the defendant's personal property as security for rent which was allegedly past due.

Generally, the lessor of real property has no authority to consent to a warrantless search of rental property which is subject to an existing lease arrangement. *Chapman v. United States*, 365 U. S. 610 (81 SC 776, 5 LE2d 828); *Stoner v. California*, 376 U. S. 483 (84 SC 889, 11 LE2d 856). However, a lessor may consent to a warrantless search of leased property after the tenant has abandoned the premises. *Bloodworth v. State*, 233 Ga. 589 (212 SE2d 774); *Witt v. State*, 157 Ga. App. 564 (278 SE2d 145).

In the case sub judice, the State argues that the defendant relin-

quished her expectation of privacy in the premises by virtue of her non-payment of rent. We do not agree. "The question of abandonment for Fourth Amendment purposes does not turn on strict property concepts but on whether the accused has relinquished his interest in the property to the extent that he no longer has a reasonable expectation of privacy in the premises at the time of the search." *Bloodworth v. State*, 233 Ga. 589, 590 (2), supra. In the case sub judice, the defendant's non-payment of rent is not conclusive in determining whether she had abandoned her apartment. There is nothing further in the record to indicate that the defendant, who, although she was in jail, intended to abandon her property or relinquish her right to privacy in her apartment. (There is no evidence showing that the landlord had dispossessed the defendant by eviction for non-payment of rent.) The defendant maintained a reasonable expectation of privacy in the apartment on July 2, 1984; therefore, the landlord had no authority to consent to the search.

"Probable cause and a warrant are not required for a search and seizure which is conducted pursuant to consent. *Schneckloth v. Bustamonte*, 412 U. S. 218 (93 SC 2041, 36 LE2d 854) (1973); *Hall v. State*, 239 Ga. 832 (238 SE2d 912) (1977). Further, a warrantless search may be justified not only by the consent of the defendant, but of any third-party who possesses common authority over or some other sufficient relationship to the premises or objects to be inspected. *United States v. Matlock*, 415 U. S. 164 (94 SC 988, 39 LE2d 242) (1974); *Peek v. State*, 239 Ga. 422 (238 SE2d 12) (1977)." *Dawson v. State*, 166 Ga. App. 199, 201 (303 SE2d 532).

"The authority which justifies the third-party consent does not rest upon the law of property, . . . but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." *United States v. Matlock*, 415 U. S. 164, 171, n. 7, supra.

In the case sub judice, Lisa Halsey moved out of the apartment over a week prior to the July 2, 1984, search. She left no major items in the apartment and she did not have access to the apartment at the time of the search. These facts alone demonstrate that Lisa Halsey had abandoned any claim she had to the apartment at the time of the second search; and, therefore, we find that she lacked authority to consent to the search on July 2, 1984.

Alternatively, the State argues that because Lisa Halsey had authority to consent to the June 24, 1984, search, the police acted in "good faith" when relying on her second consent to search, given on July 2, 1984. See in this connection *United States v. Leon*, 468 U. S.

___ (104 SC 3405, 82 LE2d 677).

Law enforcement officers carry the burden when determining whether a third party has authority to consent to a warrantless search of another person's property. See OCGA § 17-5-30 (b). An officer's belief that a third party has authority to consent to the search of another person's property should not only be based on information previously obtained in his investigation, but should also be based on the facts and circumstances existent at the time of the search. This is true particularly where there are no exigent circumstances which authorize bypassing the Constitutional safeguard of obtaining a warrant. See generally *Chapman v. United States*, 365 U. S. 610, 615, supra.

From the evidence on record, it is apparent that a reasonable inquiry at the time of the second search would have revealed that Lisa Halsey no longer had authority to consent to the search of the defendant's apartment. First, she no longer resided at the defendant's apartment. Second, she left no major items in the defendant's apartment. Third, she was not a party to the lease entered into between the landlord and the defendant. And, most persuasively, she no longer had access to the apartment because the locks had been changed by the landlord.

It is also important to note that in the case sub judice, there is no evidence of exigent circumstances which would justify a warrantless search with such questionable authority to consent. The defendant was in jail when the second search was conducted and no evidence or contraband inside the defendant's apartment was threatened with removal or destruction. On the other hand, the record indicates evidence of probable cause and ample time for the police to obtain a warrant for the search of the defendant's apartment. We conclude that the facts and circumstances of the case sub judice do not support the contention that the police acted in "good faith" in conducting the warrantless search on July 2, 1984.

The landlord's consent to search and Lisa Halsey's consent to search were not valid. Consequently, it follows that the July 2, 1984, search of the defendant's apartment was unlawful. Since key evidence obtained through that search was admitted at trial, the jury's conviction must be reversed requiring a new trial.

2. In her second enumeration of error the defendant argues that the trial court erred in overruling her objections to the State's cross-examination of several character witnesses. This argument is without merit. The defendant called several character witnesses to testify. On cross-examination, the State asked each witness a hypothetical question which was based on facts offered in evidence by the State against the defendant. Inasmuch as the hypothetical questions included only facts in evidence, the trial court did not err in allowing the character witnesses to answer the State's questions. *Curry v. State*, 155 Ga.

App. 829, 831 (3) (273 SE2d 411); *Henley v. State*, 169 Ga. App. 682 (1) (314 SE2d 697).

3. In her next enumeration of error the defendant argues that the trial court's charge on intent was burden shifting and repetitive. We have examined the court's charge to the jury on the element of intent and find that it is essentially the same charge as is found in *Lawrence v. State*, 165 Ga. App. 151-152 (1) (299 SE2d 126), where we found the charge not to be burden shifting. Secondly, there is nothing in the record which indicates that the charge was unfairly repetitive. See *Brown v. State*, 142 Ga. App. 247, 248 (2) (235 SE2d 671).

4. In her remaining enumerations of error the defendant argues that the trial court erred in refusing to give several of the defendant's requests to charge. We have examined the court's charge to the jury in its entirety and find that each of the charges requested by the defendant, but not charged by the court, were adequately covered by the court's instructions. The failure of the trial judge to give a requested charge in the exact language requested is not grounds for reversal where the charge given substantially covers the same principles. *Caldwell v. State*, 167 Ga. App. 692, 695 (6) (307 SE2d 511). The trial court did not err in refusing to give the defendant's requests to charge in the exact language requested.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 15, 1985.

*Gerald P. Word*, for appellant.

*Arthur E. Mallory III, District Attorney, William G. Hamrick, Jr., Peter J. Skandalakis, Assistant District Attorneys*, for appellee.