### 75142. GOINS v. THE STATE.
(361 SE2d 853)

DEEN, Presiding Judge.

Appellant Goins was a passenger in an automobile stopped by a Dade County police officer, Deputy Oswalt, because it was seen to be "weaving" along the highway in an erratic manner. Just as Oswalt reached for the switch to turn on his blue light as a signal for the car to pull over, it braked sharply and slid off the road. When Oswalt parked his car and approached on foot, four men, including the driver, quickly emerged from the automobile; appellant and one other man got out of the rear doors, and the driver and another passenger got out of the front. The officer, who according to his testimony did not like the four-to-one odds, ordered appellant and the other two passengers to resume their former places in the car, and then radioed for a back-up car, which arrived shortly.

In the meanwhile, Oswalt made a radio check on the automobile's license plate and discovered that it was stolen. He learned that the front-seat passenger was the car's owner but was not driving because he had no valid driver's license. He also observed inside the car a bottle of whiskey, which the occupants admitted they had been sharing as they drove around.

Upon arrival of the back-up officer, a Mr. Gray, Oswalt asked him to transport appellant and one of the other passengers to the sheriff's office for questioning and ordered the two to get into the screened-off rear section of Gray's patrol car. They did so, leaving the door open. Officer Oswalt testified that as he stood a short distance from the Gray patrol car questioning the driver and the owner, he observed appellant, through the open car door, making "shuffling" movements that looked as if he were attempting to stuff something under the seat he was occupying. Before leaving the scene, Oswalt informed Gray of what he had observed and suggested that he check under the rear seat after appellant and the other passenger had been delivered to the sheriff's office. According to Gray's testimony, he replied to Oswalt that he had observed the same conduct from where he was standing, the patrol car's open door permitting an unobstructed view of the back seat and its occupants. The officers testified that all passengers, including appellant, had been transported to the sheriff's office for several reasons: (1) it was unsafe both for them and for the

general public to leave them (having admittedly consumed whiskey) on the highway, either with or without access to the automobile; (2) there were questions to be asked regarding the stolen automobile license; and (3) should the rear-seat passengers (including appellant) turn out to have no involvement in the matter of the stolen license tag, they would have the use of the sheriff's telephone to obtain rides home, whereas they would have been unable to do so had they been left standing beside the highway.

After the four men had been taken into the sheriff's office, Gray immediately returned to the patrol car, removed the back seat, and found a small plastic bag containing a substance later identified as cocaine. He testified that he had thoroughly cleaned and vacuumed his patrol car, including removing the rear seat, on the preceding afternoon; that the cocaine had not been there at that time; and that he had remained in sole possession of the patrol car until the time that he was requested to transport appellant and the other passenger to the sheriff's office. All four men denied ownership of the cocaine or any knowledge of its presence in the vicinity, or of how it got into the patrol car.

After a jury trial, appellant was found guilty of possession of cocaine and received a ten-year sentence. On appeal he enumerates as error the trial court's denial of his oral motion to suppress, which was made at the close of the State's evidence. *Held*:

Ordinarily, a motion to suppress must be made, in writing, prior to commencement of trial. Otherwise, the defendant is deemed to have waived the right to file such a motion. *Turner v. State*, 178·Ga. App. 888 (345 SE2d 99) (1986); *Wilcoxen v. State*, 162 Ga. App. 800 (292 SE2d 905) (1982). Appellant contends, however, that he made no pre-trial motion to suppress because he lacked standing to object to the search of a police car, and that therefore his belated oral motion was valid. See *Dennis v. State*, 166 Ga. App. 715 (305 SE2d 443) (1983); *Turner v. State*, supra. Moreover, he contends on appeal that it was not the cocaine itself that he wished to have suppressed so much as the testimony of the police officers regarding what took place while appellant was in the police car preparatory to being driven to the sheriff's office, including especially the officers' account of how the cocaine happened to be under the seat.

The State contends that even if, *arguendo*, appellant's failure to file a written motion to suppress prior to trial does not constitute a waiver, then his failure to object when the prosecution introduced the cocaine into evidence assuredly does constitute such a waiver. The transcript shows that in his oral motion defense counsel contended that the seizure of appellant was illegal, "and anything that transpired from that point on would be obtained as a fruit of that illegal seizure of this person. And we think that anything found in the police

car from that point on, is illegally obtained and should be suppressed. We would make the motion that the cocaine itself be suppressed on that ground."

As the State points out in its brief, Goins' appellate brief focuses not on the cocaine itself but on the testimonial evidence of the police officers regarding how the cocaine got under the seat occupied by appellant in the patrol car.[1] Appellant contends that the word "anything" employed in the oral motion to suppress includes, or refers particularly to, that testimony.

Our examination of the record, including the trial transcript, persuades us that appellant is attempting on appeal to shift the gravamen of its enumeration of error from the cocaine itself — which, as tangible evidence, would normally be the subject of a motion to suppress — to the officers' testimony regarding what they had observed of appellant's conduct as providing a likely explanation of how the cocaine happened to be under the seat of the patrol car. Moreover, the wording of the oral motion (quoted, supra), when read in context, seems clearly to address the tangible evidence; that is, the cocaine itself. Thus appellant is attempting by this argument to raise on appeal an issue not raised at trial. "It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal." *Brantley v. State*, 177 Ga. App. 13, 14 (338 SE2d 694) (1985).

In the fact situation of the instant case we find that the arresting officer had ample reason, first, to stop the car; and, second, to detain its occupants and take them in for questioning. The detention of appellant was therefore not illegal, and the tangible evidence discovered in a place he had just vacated was admissible at trial. Although such evidence may be classified as circumstantial rather than direct, we conclude that, with all the other evidence taken into account, there is no other reasonable hypothesis to account for the cocaine's presence where it was found other than that appellant had placed it there. See OCGA § 24-4-6. The trial court did not err in denying appellant's oral motion to suppress.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 5, 1987.

*John R. Emmett*, for appellant.
*David L. Lomenick, Jr., District Attorney, McCracken K. Pos-*

---

[1] Ordinarily, a motion to "suppress" testimony is denominated a "Motion to Strike." See, e.g., *Bobo v. State*, 153 Ga. App. 679 (266 SE2d 247) (1980).

ton, Jr., Assistant District Attorney, for appellee.