## A01A1974. MILTON v. THE STATE.
(555 SE2d 818)

JOHNSON, Presiding Judge.

This is an appeal from the denial of a motion to suppress cocaine. Because the appellant has enumerated an error not raised in the trial court, we must affirm the denial of the motion.

Police officers arrived in an area known for illegal drug sales to arrest a suspected drug dealer. As the uniformed officers were arriving, an undercover detective saw Fredrick Milton, a convicted drug dealer, flee from the area in his car. The detective could not keep up with Milton's car because it was traveling at a speed well over the speed limit of 35 mph. The detective called on his radio for assistance.

A nearby officer in a marked patrol car heard the call and then saw Milton's car speed past him. The officer followed the car, which was traveling at speeds between 75 and 80 mph, in a 45-mph speed zone. The officer activated his police car's blue lights and stopped Milton's car.

Another police officer who had also heard the radio call for help arrived at the scene of the stop. He asked Milton to get out of his car and if he had any drugs or weapons. Milton said he did not have anything illegal, and the officer then asked if he could search him. Milton told the officer to go ahead and search him. As the officer patted down Milton's outer clothing he felt something in his front left pants pocket. The officer reached into the pocket and removed a clear plastic bag containing both powder and hard substances that later proved to be cocaine. The officer arrested Milton, who was charged with possessing cocaine and speeding.

Milton moved to suppress the cocaine, and the trial court held a

suppression hearing at which the three police officers involved in Milton's arrest testified. After their testimony, Milton's attorney made two arguments to the court in support of the suppression motion. The attorney first argued that the police stop of Milton's car for speeding was pretextual because the real purpose for the stop was to search Milton for drugs. The attorney's second argument was that the police arrested Milton without probable cause. The trial court denied the motion to suppress, finding that the police properly stopped Milton for speeding and that the stop was not pretextual.

Thereafter, Milton agreed to be tried before the judge sitting without a jury and stipulated that the trial judge should consider the evidence introduced at the suppression hearing. Based on the stipulated evidence, the judge found Milton guilty of possessing cocaine and speeding. Milton appeals from his convictions, challenging the denial of his motion to suppress.

In his sole enumeration of error, Milton does not assert either of the suppression arguments that he raised in the trial court, but instead argues that the trial court erred in denying the motion to suppress because the police investigation for drugs went beyond the permissible scope of a mere traffic stop for speeding. "It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal."[1] Because we are limited to reviewing only those grounds ruled upon by the trial court, Milton's appeal on a ground entirely different from those raised below presents nothing for our consideration.[2]

Moreover, it is apparent from our review of the record that the trial court correctly rejected the arguments made by Milton at the suppression hearing. Based on the uncontradicted testimony of the three police officers, the trial court was authorized to find that the police lawfully stopped Milton for speeding, and thereafter he consented to the search which led to the discovery of the cocaine in his pocket. Under these circumstances, the trial court did not err in denying Milton's motion to suppress.[3]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

---

[1] (Citation and punctuation omitted.) *Goins v. State*, 184 Ga. App. 452, 454 (361 SE2d 853) (1987).

[2] See *Hill v. State*, 224 Ga. App. 208, 209-210 (2) (480 SE2d 256) (1997) (argument on appeal not considered because it differed from the argument appellant raised before the trial court in support of his motion to suppress).

[3] See *Cotton v. State*, 237 Ga. App. 18, 19-20 (513 SE2d 763) (1999) (trial court correctly denied motion to suppress where officer was authorized to stop appellant's vehicle for traffic offense and then obtained consent to search vehicle).

Decided October 24, 2001.

*J. Alfred Johnson*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Irvan A. Pearlberg, Assistant District Attorneys*, for appellee.