## A05A2176. WALKER v. THE STATE.
(627 SE2d 54)

ANDREWS, Presiding Judge.

Patrick Walker was found guilty by a jury of four counts of child molestation. On appeal, he claims the trial court erred by refusing to strike a juror for cause, and by denying his motion to exclude testimony about pornographic material seized at his residence in a search conducted pursuant to a search warrant he claims was issued without a showing of probable cause. For the following reasons, we find no error and affirm the judgment of conviction entered on the guilty verdicts.

1. The State charged that Walker committed four counts of child molestation against the same minor child when the child was nine to

eleven years old. The State charged that, with the intent to arouse and satisfy his sexual desires, Walker placed his penis on the child's vagina (Count 1); caused the child to place her hand on his penis (Count 2); placed his hands on the child's breasts (Count 3); and, in the presence of the child, exposed and touched his penis and ejaculated (Count 4). In support of these charges, the State presented testimony from the child that Walker committed all of the charged acts. A clinical psychologist who interviewed the child also testified that the child told him Walker rubbed her breasts. The State presented a video of the psychologist's interview of the child concerning the molestation charges, but the video was not included in the record on appeal. Walker did not testify but presented testimony from various witnesses attacking the child's credibility.

The child's credibility was for the jury to determine. *Dunagan v. State*, 255 Ga. App. 309 (565 SE2d 526) (2002). Walker does not challenge the sufficiency of the evidence on appeal, and we find the evidence was sufficient for a rational trier of fact to find him guilty of the charged offenses beyond a reasonable doubt. OCGA § 16-6-4; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Walker claims the trial court erred by refusing to strike juror no. 21 for cause. During voir dire, the trial court asked all the jurors if anyone could not set aside "preconceived ideas, opinions, conclusions, and prejudices" and base their verdict on the evidence and instructions on the law. Several jurors, including juror no. 21, raised their hands in response to this question. In its follow-up questions posed to individual jurors, the State explored the fact that juror no. 21's father had been murdered, and asked the juror, "[D]espite that experience, do you feel if selected you could be a fair and impartial juror?" The juror responded, "Yes, I'll try my best. That's all I can do." Defense counsel followed by asking the juror, "Did you raise your hand or let [the trial court] know that you might have a problem setting aside your personal experiences?" To this question, the juror responded,

> Well, because I have two points of view in the sense that I was almost raped and also my — because of my daughter, you know, being a parent and all, it would be difficult for me because, you know, it was a very traumatic experience. I don't know if these children — if they were being traumatized or not. So in that respect, it would be difficult.

Defense counsel continued by asking, "So you're saying for this particular kind of a case, this might be the kind of case where it would be hard for you to actually be neutral?" And the juror responded, "I think so, yes."

The trial court denied Walker's motion to strike the juror for cause, finding that the juror said it would be hard to be impartial, but not that the juror could not be impartial.

> Whether to strike a juror for cause lies within the sound discretion of the trial court. Before a juror is excused for cause, it must be shown that he or she holds an opinion of a defendant's guilt or innocence that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence and the court's instructions.

(Citations omitted.) *Head v. State*, 276 Ga. 131, 133 (575 SE2d 883) (2003). A review of the record shows that, after the juror gave her initial raised-hand response to the trial court's question, she stated that, although it would be difficult to set aside personal feelings, she could be fair and impartial and would try her best to do so. The record does not show that the juror held a fixed and definite opinion of Walker's guilt or innocence that would have prevented her from adjudicating the case based on the evidence and the trial court's instructions. *Garland v. State*, 263 Ga. 495, 496-497 (435 SE2d 431) (1993). The trial court did not abuse its discretion in refusing to strike the juror.

3. Walker contends the trial court erred by denying his "Motion to Suppress Illegally Obtained Evidence and Motion in Limine" filed two days before the trial commenced.

The motion to suppress notes that "items of a pornographic nature" were found in Walker's residence during a search conducted about six months prior to the trial pursuant to a search warrant. This motion sought an order suppressing admission of the items of physical evidence on grounds that the search violated the Fourth Amendment of the United States Constitution and Article I, Section I, Paragraph XIII of the 1983 Georgia Constitution because there were insufficient facts before the judicial officer who issued the search warrant to support a finding of probable cause. The motion in limine noted that the State may have lost the physical items seized in the search, but that, even if the seized items were not available for admission, the State intended to introduce testimony from police officers describing the items they seized during the search. In this motion, Walker sought an order excluding all testimony about the seized items as the "fruit of the poisonous tree" because the testimony was obtained as a result of a constitutionally invalid search. See *Ruffin v. State*, 201 Ga. App. 792, 793 (412 SE2d 850) (1991).

The trial court denied the motion seeking suppression of the physical items seized in the search on the basis that the motion to

suppress filed more than ten days after the date of arraignment was untimely. OCGA § 17-7-110. Because Walker failed to file a timely motion to suppress, he waived his right to claim that the seized items were inadmissible because the search was constitutionally invalid. *Copeland v. State*, 272 Ga. 816, 817 (537 SE2d 78) (2000); *Gilmore v. State*, 117 Ga. App. 67, 68 (159 SE2d 474) (1967). Accordingly, the trial court correctly denied the motion to suppress.

Walker also filed a motion in limine to exclude any testimony describing the items seized in the search on the basis that the testimony was obtained solely as the result of the unconstitutional search and seizure. Because the admissibility of testimony about property seized in a search is not tested by a motion to suppress under OCGA § 17-5-30, which applies only to suppression of tangible physical evidence, a pretrial motion in limine may be employed to seek a ruling on the admissibility of the testimonial evidence. *State v. Johnston*, 249 Ga. 413 (291 SE2d 543) (1982); *Reid v. State*, 129 Ga. App. 660, 662-663 (200 SE2d 456) (1973). In *Reid*, we noted that, "[i]f an order [suppressing the physical evidence pursuant to OCGA § 17-5-30] has been granted it affords a basis or ground for making the objection to the testimony." Id. at 662. If the trial court denies the defendant's motion to suppress the physical evidence and admits testimony relating to the seized physical evidence, the denial of a motion in limine to exclude the testimony may be raised on appeal. Id. "If on appeal it is decided that the motion to suppress should have been granted, it follows that the ruling [admitting the related] testimony is likely to be reversed also." Id. Moreover, because testimony relating to seized physical evidence may be admissible for reasons not appearing from a motion to suppress, the trial court's grant of a motion to suppress the evidence does not necessarily constitute a ruling that all testimony related to the seized evidence is inadmissible. Id. at 663; *Harridge v. State*, 243 Ga. App. 658, 663 (534 SE2d 113) (2000) (officer could testify he saw seized physical evidence in plain view even though the physical evidence seized without a warrant was properly suppressed). As *Reid*, supra, explained, the admissibility of testimony related to seized physical evidence must be considered "in the context of the matter as it then appears." *Reid*, 129 Ga. App. at 663. This means that a motion in limine to exclude testimony related to seized physical evidence must be considered in the context of the trial court's related ruling on a motion to suppress the seized physical evidence, including any ruling that defects in the affidavit supporting the search warrant or in the warrant itself were waived where no timely motion to suppress was filed. Id. at 663, n. 1.

Walker's sole basis in the motion in limine for exclusion of the testimony describing the seized physical evidence was his claim that

the physical evidence was inadmissible as the product of an unconstitutional search. Since Walker's failure to file a timely motion to suppress the seized physical evidence waived any right to claim that the underlying search which produced the physical evidence was unconstitutional, it follows that he was not entitled to exclusion of testimony describing the physical evidence on the basis that the testimony was the fruit of an unconstitutional search. *Reid,* 129 Ga. App. at 662-663. Although the trial court denied the motion in limine to exclude the testimony on other grounds, we affirm the denial where it is right for any reason. *Fincher v. State,* 276 Ga. 480, 481 (578 SE2d 102) (2003).

Citing *Bobo v. State,* 153 Ga. App. 679, 680 (266 SE2d 247) (1980), Walker contends that, because the State did not introduce the physical evidence it seized in the search, he was not required to file a timely motion to suppress to preserve the claim that the underlying search and seizure was unconstitutional. In *Bobo,* the defendant claimed that, because the police officer had no constitutional basis to stop the automobile he was driving and detain him to check his driver's license, the trial court should have granted his motion to exclude the officer's testimony that he could not produce a license. Finding the stop was illegal, we held that the trial court erred by denying the defendant's motion to exclude the testimony. Id. We also held that, "[d]efendant was not required to file a pretrial motion to suppress when there was no physical evidence to be introduced into evidence against him; the motion to strike the officer's testimony was sufficient." Id. *Bobo* is distinguishable from the present case because the officer's testimony was based on his personal observations at the scene of the traffic stop, and was not derived from seized physical evidence subject to a motion to suppress.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 13, 2006 —

*Gerard B. Kleinrock,* for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Robert M. Coker, Assistant District Attorney,* for appellee.