## A08A0911. LOONEY v. THE STATE.
### (667 SE2d 893)

PHIPPS, Judge.

Following a bench trial, Ricky Lee Looney was convicted of manufacturing marijuana and sentenced to serve ten years on probation. Because Looney has shown that the trial court erred by denying his motion to suppress, we reverse.

We must accept a trial court's ruling on disputed facts and

credibility at a suppression hearing unless those rulings are clearly erroneous.[1] But when considering the legality of a search, we can consider all relevant evidence of record, wherever located, including that adduced at a suppression hearing and that adduced at trial.[2]

The evidence showed that in March 2006, Lieutenant Donald Carr with the Madison County Sheriff's Office was asked to execute an arrest warrant on Joanie Croy. Two probation officers told him that she was scheduled to report to a detention center on March 20 and asked him to arrest her on March 19 to ensure that she reported timely. The officers advised Carr that Croy lived in a travel trailer at 2344 Noble Road.

Carr and two other deputies went to the property. Carr testified that he spoke to Shirley Presley, who he believed owned the property, told her that he was looking for Croy and obtained permission to search the property. There were four travel trailers on the property, and each officer went to a different travel trailer. Carr knocked on the door of one of the travel trailers and when no one answered, he opened the door and looked inside. Upon doing so, he saw several marijuana plants growing in trays. Carr then "backed out of" the travel trailer and learned that a deputy had found Croy, who was Presley's daughter-in-law, in another trailer.

When Carr informed Presley that he had found marijuana in the travel trailer, she contacted her son-in-law, Looney, who came to the property. Looney admitted that he owned the marijuana plants, and the plants were seized.

Presley testified that her son owned the property located at 2344 Noble Road, and she owned property at 2340 Noble Road. She lived in a mobile home and was renting Looney the travel trailer where the contraband was found. According to Presley, Looney's trailer rested on the property line between 2344 and 2340 Noble Road. Presley testified that Looney paid her $200 a month rent and that she was his landlord. Presley further testified that Croy was found at home, in a trailer located on her son's property at 2344 Noble Road. Croy did not reside with Looney.

The trial court denied the motion to suppress based on its determination that Carr was given permission by the property owner to look for Croy in the travel trailers and saw the marijuana in plain view during that search. After trial, the court decided to "adhere to [its] prior ruling that Lieutenant Carr had consent to enter the travel trailer given by Ms. Presley who said today that she owned that travel trailer and was renting it to [Looney]."

---

[1] *Otwell v. State*, 201 Ga. App. 71 (410 SE2d 178) (1991).
[2] *Newsome v. State*, 192 Ga. App. 846, 847 (1) (386 SE2d 887) (1989).

Looney claims that the trial court erred by denying his motion to suppress. He argues that the arrest warrant for Croy did not authorize Carr to enter his residence, absent exigent circumstances or consent, and that Presley did not have the authority to consent to a search of his residence. He further argues that because Carr entered his residence illegally, the plain view doctrine did not apply.

As the state points out, an arrest warrant alone is sufficient to enter a suspect's own residence to effect his arrest.[3] But a law enforcement officer may not legally search for the subject of an arrest warrant in the home of a third party without first obtaining a search warrant, absent exigent circumstances or consent.[4] Here, the officers had no search warrant; nor was there any justifying exigent circumstance. An exigent circumstance justifying the warrantless entry of a private residence is the officer's reasonable belief that such action is a necessary response to an emergency situation.[5] No emergency situation required that Croy be located and arrested immediately. She was not scheduled to report for detention until the next day.

Moreover, contrary to the trial court's conclusion, Carr had no authority to open and enter Looney's travel trailer pursuant to Presley's consent to look for Croy.

> [W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected.[6]

Common authority is not to be implied from the mere property interest a third party has in the property.[7] The authority that justifies third party consent does not rest on the law of property, but on the mutual use of the property by persons generally having joint access or control for most purposes so that it is reasonable to recognize that a co-habitant has the right to permit inspection in his own right and that "the others have assumed the risk that one of

---

[3] *Steagald v. United States*, 451 U. S. 204, 221 (101 SC 1642, 68 LE2d 38) (1981); *State v. Wright*, 204 Ga. App. 382 (2) (419 SE2d 334) (1992).

[4] *Steagald*, supra at 205-206.

[5] *King v. State*, 217 Ga. App. 889, 891 (459 SE2d 605) (1995).

[6] *United States v. Matlock*, 415 U. S. 164, 171 (II) (94 SC 988, 39 LE2d 242) (1974) (footnote omitted).

[7] Id. at n. 7.

their number might permit the common area to be searched."[8]

Although Presley owned the travel trailer where the marijuana plants were found, she did not live there and there is no evidence that she personally used the trailer. She testified that Looney was living in that trailer and paying her rent and that she was his landlord and considered the trailer "his home." She further testified, "I didn't bother him and he didn't bother me."

Generally, a landlord cannot give valid consent to a search of his or her tenant's quarters.[9] Nor does the fact that Carr may have believed in good faith that Presley had authority to consent to the search make the search lawful.[10]

> Law enforcement officers carry the burden when determining whether a third party has authority to consent to a warrantless search of another person's property. An officer's belief that a third party has authority to consent to the search of another person's property should not only be based on information previously obtained in his investigation, but should also be based on the facts and circumstances existent at the time of the search. This is true particularly where there are no exigent circumstances which authorize bypassing the Constitutional safeguard of obtaining a warrant.[11]

Based on the evidence, a reasonable inquiry at the time of the search would have revealed that Looney lived in the travel trailer Carr searched and that Croy lived in a separate travel trailer. At the suppression hearing, Carr was asked, "Before you searched these travel trailers, did you attempt to find out from Ms. Presley who lived where?" He responded, "No ma'am. Ms. Presley didn't advise me of that. I advised her I was there with a warrant to look for Joanie Croy. I said she's staying in a travel trailer on your property and she said, go out there and find her." Carr then testified that "an arrest warrant is technically a search warrant. I can search for the body of Joanie Croy."

---

[8] Id.

[9] *State v. Oliver*, 183 Ga. App. 92, 94 (357 SE2d 889) (1987); see also *Chapman v. United States*, 365 U. S. 610 (81 SC 776, 5 LE2d 828) (1961) (police officer's search of rented house without warrant in absence of tenant but with consent of landlord was unlawful); *Browning v. State*, 176 Ga. App. 420, 421 (1) (336 SE2d 41) (1985) (generally, a landlord lacks authority to consent to search of leased rental property).

[10] *Oliver*, supra at 93.

[11] *Browning*, supra at 423 (1) (citations omitted).

Under the circumstances, Presley lacked authority to consent to a search of the travel trailer she rented to Looney.[12] Because Presley's consent was not valid, the entry and search of Looney's residence were unlawful.[13]

Nor does the plain view doctrine apply. "[T]he plain view doctrine authorizes seizure of illegal or evidentiary items visible to a police officer only if the officer's *access* to [those items] has some prior Fourth Amendment justification."[14] "An officer gains lawful access to an item in plain view by obtaining a search warrant, obtaining [valid] consent to search, or the existence of exigent circumstances."[15] Because the officers had none of these, they had no right to open and enter Looney's trailer.[16] Thus, the trial court erred by refusing to suppress the drug evidence obtained pursuant to the illegal search.[17]

*Judgment reversed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED SEPTEMBER 23, 2008.

*Jana M. Whaley*, for appellant.

*Robert W. Lavender, District Attorney, James W. Webb, Assistant District Attorney*, for appellee.

---

[12] See id.

[13] See *Oliver*, supra.

[14] *State v. David*, 269 Ga. 533, 535 (2) (501 SE2d 494) (1998) (citations omitted; emphasis in original).

[15] *Wesson v. State*, 279 Ga. App. 428, 432 (2) (631 SE2d 451) (2006) (citation, punctuation and footnote omitted).

[16] See *Leon-Velazquez v. State*, 269 Ga. App. 760, 763 (1) (605 SE2d 400) (2004).

[17] See id. at 763-764.