A10A0140. BOWDEN v. THE STATE.
(698 SE2d 372)

BERNES, Judge.

Eric Christopher Bowden was convicted by a jury of possession of marijuana with intent to distribute. He argues that the trial court erred in overruling his motion to suppress, contending that the

---

police unlawfully entered the residence where he and the contraband were located. Because we conclude that the police entry into the residence violated the Fourth Amendment to the United States Constitution, we reverse.

When reviewing a trial court's ruling on a motion to suppress, we view all evidence in the light most favorable to uphold the trial court's findings and judgment. *Gray v. State*, 296 Ga. App. 878 (676 SE2d 36) (2009). So viewed, the record shows that a police officer from the City of Bainbridge Police Department was contacted by an investigator in another county who was attempting to locate a fugitive with outstanding arrest warrants. The investigator informed the officer that the fugitive may be found within a Bainbridge Housing Authority housing unit located within the City of Bainbridge. Based upon this information, the police officer and accompanying backup officers proceeded to the subject location in an attempt to locate and arrest the fugitive. Anticipating that he may be denied entry into the housing unit, the officer contacted the director of the Bainbridge Housing Authority and requested that the director meet him at that location.

After sending a second officer to the back of the unit, the officer knocked on the front door and observed two different males peering through the curtains numerous times before a woman with a young child finally answered. The officer informed the occupants of the housing unit that he was looking for the fugitive, and asked that they each step outside and show their identification. In addition to the woman and child, there were three men inside the house, including Bowden. The fugitive, however, was not located. Bowden informed the officer that the mother of his child was the tenant of the housing unit, but that she was at work.

The officer did not attempt to contact the tenant to obtain consent to enter and search the housing unit. Rather, he obtained consent to conduct a search inside the housing unit from the director of the Bainbridge Housing Authority. Once inside, the officer discovered in plain view a large ziplock bag containing nine smaller bags of marijuana totaling 10.55 grams. Bowden later admitted that the marijuana belonged to him.

Bowden was arrested and charged with possession of marijuana with the intent to distribute. Prior to trial, he moved to suppress the physical evidence, arguing that the warrantless entry and search of the housing unit violated the Fourth Amendment because the director of the Housing Authority lacked the authority to consent to the search. The state argued only that the director's consent was validated by the tenant's lease agreement, which allegedly contained a provision allowing the director to enter the premises in the event

of a threat to the health and safety of the residents. The trial court denied Bowden's motion.

We agree with Bowden that the officer's entry into the housing unit was unlawful and that the physical evidence obtained as a result of the search should have been suppressed. It is undisputed that the officer did not have a search warrant for the housing unit. And, although an arrest warrant for the fugitive would have been sufficient to enter the fugitive's own residence to effect his arrest, "a law enforcement officer may not legally search for the subject of an arrest warrant in the home of a third party without first obtaining a search warrant, absent exigent circumstances or consent." *Looney v. State*, 293 Ga. App. 639, 641 (667 SE2d 893) (2008).

The state relies upon the consent given by the director of the Housing Authority.[1] It is well established, however, that the status of landowner and/or landlord does not in itself give one the authority to consent to a search of a tenant's residence. See *Looney*, 293 Ga. App. at 642; *Arnold v. State*, 237 Ga. App. 857, 859 (1) (517 SE2d 97) (1999); *State v. Oliver*, 183 Ga. App. 92, 92-93 (357 SE2d 889) (1987); *Browning v. State*, 176 Ga. App. 420, 421 (1) (336 SE2d 41) (1985). And while there are some circumstances under which a third party may lawfully consent to the entry into another's property,

> [t]he authority which justifies the third-party consent does not rest upon the law of property, but rests rather on mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched.

---

[1] The state also argues on appeal that Bowden did not have a reasonable expectation of privacy in the housing unit so as to grant him standing to object to the search, and/or that any expectation of privacy that he did have was eviscerated by the number of people in the house. These arguments, however, were not raised in the trial court and will not be considered for the first time on appeal. See *State v. Folsom*, 286 Ga. 105, 110 (3) (686 SE2d 239) (2009); *Liberty Lending Svcs. v. Canada*, 293 Ga. App. 731, 739 (1) (c) (668 SE2d 3) (2008); *Harper v. State*, 285 Ga. App. 261, 266 (2) (645 SE2d 741) (2007); *Goins v. State*, 184 Ga. App. 452, 454 (361 SE2d 853) (1987). Likewise, the state waived any argument that the officer's entry was justified by exigent circumstances. See *Folsom*, 286 Ga. at 110 (3); *Harper*, 285 Ga. App. at 266 (2); *Leatherwood v. State*, 212 Ga. App. 342, 344-345 (5) (441 SE2d 813) (1994); *Goins*, 184 Ga. App. at 454. Not only was this argument not made in the trial court, but the record contains no evidence of exigent circumstances that would have otherwise justified the officer's warrantless entry into the housing unit. "An exigent circumstance justifying the warrantless entry of a private residence is the officer's reasonable belief that such action is a necessary response to an emergency situation." *Looney*, 293 Ga. App. at 641. As discussed in the opinion, the state failed to establish the existence of an emergency situation that required the immediate entry into the residence without a warrant. See id.

YALE LAW LIBRARY

(Citation and punctuation omitted.) *Browning*, 176 Ga. App. at 422 (1). See *Oliver*, 183 Ga. App. at 92-93. There is absolutely no evidence in the record that would give rise to a finding that the director of the Housing Authority had mutual use or joint access to the housing unit at issue.

The state nonetheless contends that the director's consent was authorized by the terms of the tenant's lease, which allegedly provided that the director could enter the premises in the event of a threat to the health and safety of the residents or the property. First, we note that a copy of the lease was not tendered into evidence in the trial court and is not contained in the appellate record, so the state has failed to meet its burden on this front. See OCGA § 17-5-30 (b); *Welchel v. State*, 255 Ga. App. 556, 558 (565 SE2d 870) (2002) (the state bears the "heavy burden" of proving circumstances that justify a warrantless entry into a home). But regardless, we reject the state's argument that the limited right of entry allegedly contained in the lease amounted to a waiver of any expectation of privacy as to all entries into the leased premises. See *Arnold*, 237 Ga. App. at 859 (1). The record is devoid of any evidence that the fugitive was a dangerous individual, or that the officer's failure to immediately locate and arrest the fugitive posed a threat to the health and safety of the residents or the property. See *Looney*, 293 Ga. App. at 641. Contrary to the state's argument, it is irrelevant whether the officer believed in good faith that the director possessed the power to consent to the search. See *Oliver*, 183 Ga. App. at 93 ("[T]he fact that the officers believed in good faith that [a landlord] had authority to consent to their search [does not] make their search and seizure without a warrant lawful."). See also *Looney*, 293 Ga. App. at 642.

Since the director's consent to the search of the housing unit was not valid, it follows that the warrantless entry into the premises and seizure of the items therein was also invalid. See *Looney*, 293 Ga. App. at 643; *Oliver*, 183 Ga. App. at 94. The trial court therefore erred in denying Bowden's motion to suppress.

*Judgment reversed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 8, 2010.

*Ernie M. Sheffield, Richard Parker*, for appellant.
*Joseph K. Mulholland, District Attorney, William J. Hunter, Leopold F. Joh, Assistant District Attorneys*, for appellee.