300 Ga. 459
FINAL COPY

S16A1649.  JOHNSON v. THE STATE.

HUNSTEIN, Justice.

Appellant Gregory Joseph Johnson was convicted of felony murder in connection with the shooting death of Hugh Ethridge.  Johnson now appeals, claiming, among other things, that the evidence presented at trial was insufficient to sustain his conviction.  We affirm.[1]

Viewed in a light most favorable to the verdicts, the evidence adduced at trial established as follows.  Appellant had a tumultuous and oftentimes violent friendship with Ethridge; the jury heard testimony that it was not uncommon for the pair to become intoxicated together and end up in a physical altercation

---

[1] In October 2013, a Mitchell County grand jury indicted Johnson for felony murder predicated on aggravated assault, aggravated assault, and possession of a firearm by a convicted felon.  Following a three-day trial in January 2014, a jury found Appellant guilty of felony murder and aggravated assault; the State nolle prossed the firearm charge.  After merging the aggravated assault count with the felony murder count, the trial court sentenced Appellant to life imprisonment for felony murder.  Appellant thereafter filed a motion for new trial on January 30, 2014, which he amended on March 31, 2015.  After conducting a hearing, the trial court filed an order denying Appellant's motion on July 6, 2015.  Appellant timely filed his notice of appeal on August 4, 2015; this appeal was docketed to the September 2016 term of this Court and oral argument was heard on October 3, 2016.

requiring police intervention. Indeed, because of his alcoholism, Appellant would at times become so drunk that he would black out and be unable to recall that which occurred while he was intoxicated. On the day of the murder, Appellant and Ethridge were drinking together in Appellant's residence. Later in the day, Kenneth Walls, Appellant's brother-in-law, arrived at the residence and discovered Appellant sitting in a recliner, sobbing and speaking to his sister on the phone. Appellant told Walls that Ethridge had been shot during a struggle, and Walls immediately called 911.

When authorities arrived, they observed Ethridge dead on a loveseat near the recliner. Ethridge was killed by a single, contact gunshot wound to the neck, and his body was found in a relaxed position, with his ankles crossed and his arm resting on the armrest. Authorities discovered a single-shot shotgun on the floor of the residence, inside of which was a spent cartridge; they also observed a second spent cartridge on an end table, as well as damage to the residence that was caused by a shotgun blast unrelated to the one that killed Ethridge. The jury heard testimony that a single-shot shotgun fires only one projectile at a time and must then be reloaded.

Appellant made many statements regarding the incident. At first,

2

Appellant continually apologized for shooting Ethridge, implying it was an accident. Later, he told investigators that Ethridge had shot himself and that he (Appellant) was supposed to kill himself, too. Finally, in a subsequent interview, Appellant asserted that Ethridge had arrived at the residence while brandishing a shotgun and that Ethridge was shot during an ensuing struggle.

1. When reviewing the sufficiency of the evidence, this Court determines whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). "This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." Hayes v. State, 292 Ga. 506, 506 (739 SE2d 313) (2013). Viewing the evidence in such a light, a rational trier of fact could have concluded that Appellant was guilty of felony murder.

There is no merit to Appellant's contention that the State made an admission in judicio by acknowledging during trial that "we may never know fully what happened" on the day of the murder; such a statement was merely an opinion of the facts of the case and did not constitute an admission in judicio.

3

See, e.g., <u>Wahnschaff v. Erdman</u>, 232 Ga. App. 77, 79-80 (2) (502 SE2d 246) (1998) ("An admission in judicio applies only to the admission of fact and does not apply where the admission is merely the opinion or conclusion of the pleader as to law or fact.").

2. Appellant contends that the State shifted the burden of proof at trial by acknowledging during its opening statement that one might never know "what actually happened that day" and by asking the jury to "listen to the testimony from the witness stand and look at the evidence we have in this case and compare it to the testimony or to the statement of the Defendant." Appellant also contends that he was entitled to a mistrial because an investigator testifying for the State commented on his failure to testify and that trial counsel was ineffective for failing to move for such a mistrial. We agree with the State, however, that these arguments are being raised for the first time on appeal. Appellant failed to object to the State's statement, to argue that the State had shifted the burden of proof, or to move for a mistrial. Further, although Appellant argued in his motion for new trial that trial counsel was ineffective,

4

he did not assert the claim he now pursues on appeal.[2] It is axiomatic that these claims are waived and need not be considered by this Court. See Chapa v. State, 288 Ga. 505 (2) (705 SE2d 646) (2011) (claim that State commented on defendant's decision not to testify was not preserved for appeal where defendant failed to object when the statement was made); Wilson v. State, 286 Ga. 141 (4) (686 SE2d 104) (2009) (when issue of ineffectiveness of trial counsel has been raised on motion for new trial, any claims of ineffective assistance of trial counsel not raised at that time are waived); Smith v. State, 277 Ga. 213, 218 (14) (586 SE2d 639) (2003) ("The transcript does not reflect that Smith objected at closing argument or during trial to the matters he now contends constituted the State's improper shifting of the burden of proof to Smith. Thus, this issue

---

[2] In his original and amended motion for new trial, Appellant asserted the following claims: (1) the verdict is contrary to the evidence; (2) the verdict is against the weight of the evidence; (3) the verdict is contrary to the law and principles of justice; (4) the verdict was against the weight of the evidence and a new trial should be conducted; (5) trial counsel was ineffective for failing to retain an accident reconstruction specialist; (6) trial counsel was ineffective for agreeing with the State's investigator that "Mr. Johnson knows [what happened that night]" because Appellant does not, in fact, remember what happened on the night of the murder; (7) trial counsel was ineffective for failing to procure a copy of a restraining order issued against Ethridge; and (8) the cumulative errors of counsel prejudiced Appellant such that he is entitled to a new trial.

was not preserved for appeal.").

Based on the foregoing, the judgment of the trial court is affirmed.

Judgment affirmed.  All the Justices concur.

Decided January 23, 2017.

Murder. Mitchell Superior Court. Before Judge Cato.

J. Converse Bright, for appellant.

Joseph K. Mulholland, District Attorney, Moruf O. Oseni, David M. Atwell, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Vanessa T. Meyerhoefer, Assistant Attorney General, for appellee.