**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 27, 2020**

# In the Court of Appeals of Georgia

A19A2315. FERRELL v. THE STATE.

COOMER, Judge.

In February 2017, a grand jury returned a true bill of indictment against Roger Maurice Ferrell charging as follows: count one, rape; count two, aggravated sodomy; counts three, four, and five, aggravated assault; and count six, false imprisonment. Represented by counsel, Ferrell entered a negotiated plea in which he pleaded guilty to the lesser included offense of aggravated assault with intent to rape in count one and count four, aggravated assault.[1] As part of the negotiated plea, the State agreed to recommend a sentence of fifteen years to serve in confinement on count one and fifteen years to serve consecutively on count four. Following a hearing, the trial court

---

[1] As part of the negotiated plea deal, the State filed a motion to enter nolle prosequi as to the remaining counts, which the trial court granted.

accepted the terms of the negotiated plea agreement and entered a sentence in accordance with the State's recommendations.

In May 2018, Ferrell, appearing pro se, filed a motion to modify his sentence pursuant to OCGA § 17-10-1 (f), arguing his sentence was unreasonable. The trial court denied Ferrell's motion and concluded the sentence was "appropriate." Ferrell appeals the trial court's denial of his motion to modify his sentence and raises four enumerations of error. Specifically, Ferrell contends (1) the evidence presented to the grand jury did not support a finding of probable cause to issue an arrest warrant, (2) the indictment was false, misleading, and without evidence to support it, (3) he received ineffective assistance of counsel, and (4) he was denied his right to appeal because the trial court failed to advise him of his right to pursue a direct appeal by the filing of a timely notice of appeal and motion to withdraw his guilty plea within the term of court. For the reasons that follow, we affirm.

1. As an initial matter, we note that Ferrell's arguments on appeal do not address the substance of his motion to modify his sentence or the trial court's order denying the motion. Instead, Ferrell makes several arguments unrelated to the issues raised and ruled upon by the trial court. Nonetheless, with respect to Ferrell's motion to modify his sentence, OCGA § 17-10-1 (f) provides in part,

2

Within one year of the date upon which the sentence is imposed, or within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later, the court imposing the sentence has the jurisdiction, power, and authority to correct or reduce the sentence and to suspend or probate all or any part of the sentence imposed.

It is well established that "[w]hether to grant a motion to correct a sentence under OCGA § 17-10-1 (f) lies within the discretion of the trial court." *Jones v. State*, 348 Ga. App. 653, 653 (824 SE2d 575) (2019) (citation omitted). "So long as the sentence imposed by the court falls within the parameters prescribed by law, we will not disturb it." Id. (citation omitted). Here, Ferrell pleaded guilty to one count of aggravated assault with intent to rape and one count of aggravated assault. Ferrell was sentenced to 15 years for each count resulting in a total of 30 years confinement. Both counts allow for a minimum sentence of one year and up to a maximum sentence of twenty years confinement. See OCGA § 16-5-21 (b) ("[A] person convicted of the offense of aggravated assault shall be punished by imprisonment for not less than one nor more than 20 years."). Our Court has long held that "that the trial court has the discretion to impose sentence[s] within the parameters prescribed by the statute and if the sentence is within the statutory limits, the appellate courts will not review it."

*Taylor v. State*, 261 Ga. App. 248, 249 (3) (582 SE2d 209) (2003). Because Ferrell's sentence was within the statutory guidelines, this Court declines to review it. See *Holland v. State*, 232 Ga. App. 284, 285 (2) (501 SE2d 829) (1998).

Additionally, we are unpersuaded by Ferrell's argument in his motion to modify his sentence that the trial court erred by not merging count 1 and count 4, thus resulting in him receiving an illegal sentence. "[W]here a criminal defendant pleads guilty to counts of an indictment alleging multiple criminal acts, and willingly accepts a specified sentence as to properly charged counts, he waives any claim that there was in fact only one act and that the resulting sentence is void on double jeopardy grounds." *Frady v. State*, 275 Ga. App. 677, 679 (1) (621 SE2d 799) (2005) (citation omitted). "Thus, the circumstances of this case authorized the trial court to convict and sentence [Ferrell] on both crimes." Id.

2. On appeal, Ferrell raises several arguments for the first time challenging the sufficiency of the evidence used to indict him, the grand jury's findings of probable cause, the effectiveness of trial counsel, the actions of the trial court, and the constitutionality of his sentence. More specifically, Ferrell contends the evidence presented to the grand jury did not support a finding of probable cause to issue an arrest warrant and that the indictment was false, misleading, and without evidence to

4

support it; he received ineffective assistance of counsel because "no evidence DNA or otherwise" linked him to the alleged offenses for which he was convicted; the trial court erred by failing to advise him of is right to withdraw his guilty plea pursuant to Uniform Superior Court Rule 33.12; and lastly, that his guilty plea was obtained in violation of the Supreme Court of the United State's holding in *Boykin v. Alabama*, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969).

However, Ferrell raises these arguments for the first time on appeal and did not assert the claims he now pursues on appeal in the trial court. "It is axiomatic that these claims are waived and need not be considered by this Court." *Johnson v. State*, 300 Ga. 459, 461 (2) (796 SE2d 272) (2017) (citations omitted). See also *Goins v. State*, 184 Ga. App. 452, 454 (361 SE2d 853) (1987) ("It is well settled that a reason urged by enumeration of error on appeal which is different from that urged below will not be considered for the first time on appeal." (citation omitted)). "Because we are limited to reviewing only those grounds ruled upon by the trial court, [Ferrell's] appeal on a ground entirely different from those raised below presents nothing for our consideration." *Milton v. State*, 252 Ga. App. 149, 150 (555 SE2d 818) (2001)

(citation omitted).

*Judgment affirmed. Doyle, P. J., and Markle, J., concur.*