# A98A1511. HINTON v. THE STATE.

(504 SE2d 49)

ELDRIDGE, Judge.

Gilbert Levon Hinton appeals a Cobb County jury verdict finding him guilty of possession of cocaine with intent to distribute. Without challenging the sufficiency of the evidence introduced against him, Hinton enumerates two errors of law which allegedly require reversal. We find Hinton's contentions meritless and affirm.

1. In his first enumeration of error, Hinton claims that the trial court committed reversible error by "allowing a portion of the trial transcript to be entered into evidence." We disagree that the trial court's ruling was reversible error.

During direct examination, the defense attorney showed Hinton the cocaine at issue in this case and asked, "Have you ever had that in your possession?" Hinton replied, "No, I have never sold drugs. And I have never had that in my possession." The prosecutor immediately interrupted direct examination to inquire "I'm sorry, what did you say?" Hinton replied, "I had never sold no drugs like that [cocaine]."

Thereafter, the prosecutor obtained a transcript of the above portion of Hinton's trial testimony and marked it as State's Exhibit 2. The prosecutor also had marked as State's Exhibit 3 a certified copy of Hinton's prior Cobb County guilty plea to sale of marijuana. On cross-examination, the prosecutor showed Hinton the transcript of his statement that he had never sold drugs. Hinton explained that he had "corrected" himself by stating that he had never sold drugs *like cocaine*. Thereafter, the prosecutor tendered into evidence the certified copy of Hinton's prior drug conviction.[1] In addition, the prosecutor tendered the transcript of Hinton's trial statement contained in State's Exhibit 2. Over defense objection that the contents of the transcript would "bolster" Hinton's testimony, the trial court permitted the transcript to go to the jury for impeachment purposes only.

"In Georgia the 'continuing witness' objection is based on the notion that written testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once. [Cit.]" *Tibbs v. Tibbs*, 257 Ga. 370 (359 SE2d 674) (1987); *Buckner v. State*, 219 Ga. App. 71, 74 (464 SE2d 11) (1995).

In the present case, the testimony contained in the trial transcript was properly marked and shown to Hinton for impeachment

---

[1] No challenge is made herein to the introduction of the certified copy of Hinton's prior conviction for sale of marijuana.

purposes. However, the transcript of such testimony which had been heard by the jury from the witness stand was subject to a valid "continuing witness" objection. Accordingly, State's Exhibit 2, while properly tendered into evidence, should not have gone back with the jury during deliberations, thereby putting undue emphasis on the testimony contained in the exhibit.

However, "[h]arm as well as error must be shown to warrant a reversal. See *Greer v. State*, 201 Ga. App. 775, 776 (2) (412 SE2d 843) (1991)." *Bass v. State*, 208 Ga. App. 859, 861 (3) (432 SE2d 602) (1993). In light of Hinton's statement before the jury that he had never sold drugs; the State's cross-examination on this subject, wherein the statement was repeated several times; the arguments of counsel before the jury on this issue, in which the jury heard the statement repeated again; and the re-direct of Hinton wherein the defense attempted to rehabilitate on this issue and the statement was repeated again, it is highly probable that the jury's view of a transcript of the same statement did not contribute to the verdict. *Buckner v. State*, supra at 74.

2. We find no merit to Hinton's contention that the prosecutor misrepresented a police officer's testimony, thereby requiring reversal pursuant to OCGA § 17-8-75, regarding improper statements by counsel.

Hinton did not make a motion for mistrial based upon the error as enumerated, nor did he request curative instructions thereon. "A mere objection to alleged improper argument of counsel, without more, is not sufficient to invoke a ruling of the court; and in the absence of a specific motion either for a mistrial, or that the jury be instructed to disregard the argument, it was not error to fail to grant a mistrial or to instruct the jury." (Citations and punctuation omitted.) *Hall v. State*, 180 Ga. App. 881, 882 (3) (350 SE2d 801) (1986). "In no case will the trial judge's ruling be reversed for not going further than requested." (Citations, punctuation and emphasis omitted.) *Cooper v. State*, 260 Ga. 549, 550, n. 2 (397 SE2d 705) (1990); see also *Keen v. State*, 164 Ga. App. 81, 88 (7) (296 SE2d 91) (1982).

Further, we have reviewed that portion of the officer's testimony about which Hinton complains and conclude that the prosecutor's representation that "Officer Barnes said that the people in 384 had no knowledge didn't know who this man [Hinton] was," is a reasonable interpretation of the disputed testimony.[2] Questions based upon reasonable and permissible inferences from evidence already before the jury do not violate the proscriptions of OCGA § 17-8-75. See, e.g.,

---

[2] Officer Barnes' disputed testimony was, "No, he [Hinton] was turned facing Officer Kelker. And the people that came out of 384 didn't act like they knew who he was."

*Thompson v. State*, 150 Ga. App. 567 (258 SE2d 180) (1979). There was no error.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED JULY 1, 1998.

*Michael A. Zoffmann, Jay L. Palmer*, for appellant.

*Benjamin F. Smith, Jr.*, District Attorney, *Debra H. Bernes, W. Thomas Weathers III, Nancy I. Jordan*, Assistant District Attorneys, for appellee.