A00A0498. BILLUPS v. THE STATE.
A00A0628. MAXWELL v. THE STATE.
A00A0708. PATTERSON v. THE STATE.
(527 SE2d 905)

McMurray, Presiding Judge.

Sylvester Billups, David Maxwell, Verrick Patterson, and Fernando Patterson were charged by a joint special presentment with armed robbery and aggravated assault with intent to rob. Fernando Patterson pled guilty before trial. The jury convicted Billups, Maxwell, and Verrick Patterson of armed robbery and acquitted them of aggravated assault. Defendants Billups, Maxwell and Verrick Patterson filed separate appeals after the denial of their respective motions for new trial. We consolidate and resolve these appeals in one opinion because defendants make similar assertions of error. *Held*:

1. Defendants challenge the sufficiency of the evidence, arguing they were merely present at the scene of the crime. We disagree.

Evidence adduced at trial reveals that the victim was a convenience store cashier. When she was alone one night preparing to close up, the defendants came into the store. They were frequent customers, and the victim recognized them. She commented to one of them, Fernando Patterson, that his brother Verrick looked "kind of wild." The defendants admitted that they had been drinking. As the victim turned her back to them and walked behind the counter, she was grabbed from behind, slashed with a utility knife or a box cutter, and severely beaten. She could not recall which defendant, or how many of them, attacked her. She needed fifty staples to close the lacerations on her head and four stitches to mend a cut on her face. Shoe print-shaped bruises were found on her back and arms, and her hands were swollen and scarred.

A customer who pulled into the parking lot shortly after the attack observed three young men walk away from the store. He then saw a fourth man exit the store carrying five cartons of cigarettes. All the men walked in the same direction. Although he could not identify the men, the customer testified that the fourth man was the largest of the group. The customer went inside, saw the bloodied victim, and called the police.

Officer Daren Klitzsch of the Athens-Clarke County Police Department arrived on the scene. He noted that the cash register drawer was open, and the cigarette and counter areas were in disarray. He also observed that wires were hanging out of the wall where the video cassette recorder apparently had been pulled out. No videotape was found.

The next day, Detective Steven Fogarty, who was at that time with the Athens-Clarke County Police Department, took a statement from Travis Walton. According to Walton's statement, after hearing

the police were looking for him the previous night, Walton went to the mobile home where Fernando and Verrick Patterson resided. All the defendants were there, along with Sylvester Billups's brother, Eric Billups. Walton said the defendants "all started telling me about robbing a lady at the Dixie Food Store. They said they only got $25 in cash. . . . Fernando said he put the lady in a choke hold and Sylvester said he hit her. Fernando said he cut her."

Five days later, Eric Billups also gave a statement to Detective Fogarty. According to Billups's statement, Fernando Patterson said

> he cut that bitch's neck at the store. Everybody started laughing. Verrick [Patterson] said he got some cigarettes and had hid them. . . . [Maxwell] was saying that they should have kept the tape and looked at it like in Menace to Society. [Maxwell] said he busted the tape up and threw it away. [Maxwell] said he got the tape out of the store. [Maxwell] said that if the bitch saw their faces then Fernando should have killed her.

Testifying for the defense at trial, Fernando Patterson stated that he alone attacked, cut and beat the victim, as well as took $25, some lottery tickets and five or six cartons of cigarettes from the store. He testified he did not touch the VCR or take a tape out of it. Fernando Patterson also testified that the three defendants fled as soon as he grabbed the victim. He admitted that they had been "getting drunk" before going to the store together.

OCGA § 16-2-20 (b) (3) provides that an individual is a party to a crime if he or she "[i]ntentionally aids or abets in the commission of that crime." Mere presence at the scene of the commission of a crime is not sufficient to convict a person of being a party to that crime. But presence, companionship, and conduct before and after the offense are circumstances from which an accused's participation in the criminal intent may be inferred. *Montijo v. State*, 238 Ga. App. 696 (1), 698 (520 SE2d 24); *Tucker v. State*, 231 Ga. App. 210, 214-215 (2) (498 SE2d 774); *James v. State*, 227 Ga. App. 907, 908 (1) (490 SE2d 556).

The victim identified all the defendants. She testified that she was "pretty sure" the VCR had a tape in it when she came to work. The defendants had been drinking together before entering the store. After the victim was attacked, beaten and robbed, the defendants were found in the mobile home where the Pattersons resided. The defendants were all talking and laughing about the crime.

Additionally, the customer who saw a fourth man exit the store carrying five cartons of cigarettes testified that the man was the largest one of the group. Fernando Patterson testified that he was smaller than his brother.

Moreover, defendant Billups told Walton that he had hit the victim. Billups argues that his statement was not sufficiently corroborated to permit his conviction. That argument fails to distinguish between an admission and a confession. " 'In the former only one or more facts entering into the criminal act are admitted, while in the latter the entire criminal act is confessed. [Cits.]' *Burns v. State*, 188 Ga. 22 (2) (2 SE2d 627)." *Lowe v. State*, 267 Ga. 180, 181 (4) (476 SE2d 583). Since Billups "did not admit every essential element of the charged offense, the statement constituted an admission, not a confession. . . ." *Stowers v. State*, 205 Ga. App. 518, 519 (1) (422 SE2d 870).

Defendant Billups next argues that even if his statement can be construed as an admission, his acquittal of the charge of aggravated assault with intent to rob indicates the jury found the State failed to prove that he hit the victim. As there is no other evidence Billups participated in the armed robbery, he argues, the evidence is insufficient to sustain his conviction. The fact that Billups may not have struck the victim did not preclude his conviction as a party to the crime of armed robbery. As stated previously, he accompanied the other defendants before, during and after the crime, and he talked about it with the others in the presence of witnesses. Moreover, the inconsistent verdict rule has long been abolished in Georgia in criminal cases. *Walker v. State*, 271 Ga. 328, 329 (1) (519 SE2d 670); *Travitt v. State*, 228 Ga. App. 711, 712 (4) (492 SE2d 574).

The evidence was sufficient to authorize a rational trier of fact to find the defendants guilty beyond a reasonable doubt as parties to the crime of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Maxwell argues that the trial court erred in denying his motion to sever his trial from that of his co-defendants. We disagree.

Maxwell's motion to sever his case for a separate trial was a matter within the trial court's discretion. *Felder v. State*, 270 Ga. 641, 644 (5) (514 SE2d 416).

> In ruling on a motion to sever, a trial court should consider whether the number of defendants will create confusion of the evidence and the law applicable to each individual defendant, whether there is a danger that evidence admissible against one defendant will be considered against another despite the cautionary instructions of the court, and whether the defenses of the defendants are antagonistic to each other or each other's rights.

*Butler v. State*, 270 Ga. 441, 446 (4) (511 SE2d 180).

Moreover, to show that the trial court abused its discretion in

denying the severance motion, Maxwell must demonstrate that the joint trial was prejudicial and a denial of due process. *Felder v. State,* 270 Ga. 641, supra.

The number of defendants at the joint trial in the case sub judice was not so great as to create confusion regarding the evidence or the law. Secondly, all of the evidence that was admitted against the defendants — primarily photographs of the victim after the attack — would have been admissible against Maxwell at a separate trial to demonstrate the corpus delicti. As for the third prong of the test, Maxwell's defense was not antagonistic to either Billups's or Patterson's. In fact, Fernando Patterson testified that he was the sole perpetrator and that none of the three defendants participated in the crime.

For these reasons, we conclude that the trial court did not err in denying Maxwell's motion to sever.

3. Lastly, Maxwell contends that the indictment is fatally defective because it alleges the defendants took the property of Dixie Food Store, whereas the name of the legal entity which owned the property was actually Dixie Food Company. This contention is meritless.

The indictment alleges the offense of armed robbery in that the defendants

> with the intent to commit theft did unlawfully take a sum of United Stated [sic] Currency and Cartons of Cigarettes, the property of Dixie Food Store, for [sic] the person and immediate presence of [the victim] by use of a utility knife, and [sic] offensive weapon. . . .

The indictment alleges all of the elements of the crime of armed robbery. There can be no reasonable doubt that Maxwell was sufficiently informed of the charges against him and also protected from subsequent prosecution for the same crime. Indeed, the victim as well as counsel for defendant Verrick Patterson referred to the establishment as "Dixie Food Store." The trial court did not err in denying defendant Maxwell's motion to dismiss the armed robbery count of the indictment. *Kelly v. State,* 234 Ga. App. 893, 895 (2) (508 SE2d 228); *Campbell v. State,* 223 Ga. App. 484, 485-486 (3) (477 SE2d 905).

*Judgments affirmed. Johnson, C. J., and Phipps, J., concur.*

Decided January 13, 2000 — ▮▮▮▮▮▮▮▮▮

*Anthony T. Pete,* for appellant (case no. A00A0498).
*Kristopher Shepherd,* for appellant (case no. A00A0628).
*Joel N. Shiver,* for appellant (case no. A00A0708).

*Harry N. Gordon, District Attorney, Henry R. Thompson, Assistant District Attorney*, for appellee.