A05A0827. HUBBARD v. THE STATE.
(617 SE2d 167)

MILLER, Judge.

Nicholi Simone Hubbard appeals from a conviction for cocaine trafficking on the grounds that the evidence was insufficient, that the trial court erred in its handling of jury selection and evidence, and that her trial counsel was ineffective. We find no error and affirm.

Viewed in the light most favorable to the jury's verdict, the evidence showed that Hubbard and her co-defendant, Jumoke Johnson, were returning to Augusta from an overnight trip to Atlanta on Interstate 20. A police officer traveling in the opposite direction noticed that their car was traveling at an unusually slow rate, and that Johnson, who was driving the car, stared at him as his cruiser passed. The officer turned around and followed the car, which immediately exited the interstate and pulled into a vacant gas station parking lot. The officer followed, and parked his own car approximately 60 feet away.

Johnson got out of the car and threw some items of trash into the bin next to the entrance. He then retrieved a brown bag from the car and disposed of it in the dumpster located across the parking lot. Hubbard then exited the car carrying a brown Nike shoe box. She walked across the lot, threw the shoe box into the dumpster, and returned to the car, where she got into the driver's seat. The car then

backed out of its space, moved toward the exit, and stopped near the gas pumps. Hubbard got out of the car again, approached the officer, and asked for directions to the Department of Motor Vehicles. After receiving the directions, Hubbard returned to the car and left the lot. The officer then retrieved the shoe box from the dumpster, which was found to contain 241 grams of 78 percent pure cocaine.

Hubbard and Johnson were convicted of trafficking in cocaine. Hubbard's motion for new trial was denied, and this appeal followed.

1. Hubbard first contends that the evidence was insufficient to find her guilty beyond a reasonable doubt of trafficking in cocaine. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. *Williams v. State*, 261 Ga. App. 793, 794 (1) (584 SE2d 64) (2003). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, Hubbard was seen in actual possession of the box containing the cocaine. There was thus sufficient evidence to support the jury's verdict. See OCGA § 16-13-31 (a) (1) (knowing possession of 28 grams or more of cocaine amounts to trafficking in cocaine); *Eliopulos v. State*, 203 Ga. App. 262, 265-266 (1) (416 SE2d 745) (1992) (for purposes of cocaine trafficking statute, actual possession can be established by either direct or circumstantial evidence, including suspicious behavior).

2. Hubbard next contends that the trial court erred when it sustained the State's objection to her questions in voir dire whether any members of the jury panel had heard of the phrase "guilt by association," and what the phrase might mean to those who had heard of it. We disagree.

"Since there is often a fine line between asking potential jurors how they would decide the case and questions that merely seek to expose bias or prejudice, the scope of the voir dire examination, of necessity, must be left to the sound discretion of the trial court." (Footnote omitted.) *Sallie v. State*, 276 Ga. 506, 510 (3) (578 SE2d 444) (2003). We do not interfere with such discretion in the absence of manifest abuse. *Williams v. State*, 259 Ga. App. 742, 744 (2) (578 SE2d 128) (2003). Here, defense counsel's questions were designed to explore the legal import of presence at the scene of a crime or association with a co-defendant — one of the subjects on which the trial court later instructed the jury. Such subjects are not appropriate topics for voir dire examination, and the trial court did not abuse its

discretion when it ended this particular line of questioning. See *Stewart v. State*, 262 Ga. App. 426, 427-428 (1) (585 SE2d 622) (2003).

3. Hubbard also contends that the trial court should not have allowed her to be cross-examined concerning the location of her family's Atlanta residence on the ground that such information was prejudicial to her case. She has failed to explain how such information could possibly have been prejudicial to her, however, and we see no prejudice here. Hubbard claimed that she went to Atlanta to visit her brother every week, not to transport drugs. She also claimed that she had several relatives in Atlanta. She admitted, however, that she did not know her brother's address. The trial court did not err when it allowed Hubbard to be cross-examined on these matters, which were relevant to both her defense and her credibility. See, e.g., *Scott v. State*, 270 Ga. 93, 94 (2) (507 SE2d 728) (1998).

4. Finally, Hubbard contends that her trial counsel's failure to file a motion to sever her case from Johnson's amounted to ineffective assistance of counsel. The decision not to file a motion to sever is a matter of trial tactics, however, and does not by itself amount to ineffective assistance. *Dye v. State*, 266 Ga. App. 825, 827 (2) (a) (598 SE2d 95) (2004). Since trial counsel testified that he made a tactical decision not to file a motion to sever after consultation with Hubbard, and since Hubbard has not shown that she would have benefitted from a separate trial, there was evidence to support the trial court's conclusion that trial counsel rendered effective assistance. That conclusion will not be disturbed here. See id.

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

Decided July 6, 2005.

*James T. Jones, Jr.*, for appellant.
*Dennis C. Sanders, District Attorney, Durwood R. Davis, Assistant District Attorney*, for appellee.