A07A0557. FRASER v. THE STATE.

(642 SE2d 129)

BLACKBURN, Presiding Judge.

Mark Fraser was convicted, following a jury trial, of trafficking in cocaine.[1] He appeals his conviction and the denial of his motion for new trial, arguing that the trial court erred in (1) denying his motion for a directed verdict of acquittal based on insufficiency of the evidence; (2) dismissing his motion in limine to suppress unlawfully obtained evidence as untimely; (3) conducting the sentencing hearing; and (4) denying his claims of ineffective assistance of counsel. For the reasons set forth below, we affirm.

1. We first address Fraser's contention that the trial court erred in denying his motion for a directed verdict of acquittal based on insufficiency of the evidence. The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction. *Hash v. State.*[2] "We view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence." *Wesson v. State.*[3] We do not weigh the evidence or

---

[24] See id. at 205-206 (2).

[1] OCGA § 16-13-31 (a) (1).

[2] *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).

[3] *Wesson v. State*, 279 Ga. App. 428, 429 (1) (631 SE2d 451) (2006).

determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[4]

So construed, the evidence showed that on August 26, 2003, Fraser, a criminal defense attorney, received a telephone call from a client who was in jail after being arrested four days earlier on charges of trafficking in cocaine. The client asked Fraser to go to the client's home to obtain a copy of the search warrant left there by the police at the time of his arrest and to search his home for cocaine that the police had not found. Fraser agreed and was told by his client to be at the house at 8:00 p.m. so that the client would be able to contact him and then direct him to where the cocaine was hidden.

Shortly before 8:00 p.m., Fraser, his wife, and his wife's two friends (Sanders — a male — and Brown — a female) arrived at the client's home. Fraser entered the home through an unlocked window and then opened a back door to let in his wife, Sanders, and Brown. Within a few minutes, Fraser received his client's promised telephone call and, at his client's direction, began searching for the cocaine that the police had not found. Upon opening one of the kitchen cabinets, Fraser found a plastic freezer bag, which contained numerous smaller vacuum-packed bags containing cocaine. Fraser told his client that he would dispose of the drugs but gave a knowing wink to the others in the room, implying he had no such intention. He then hung up the phone, opened the bag, and smoked a small amount of the cocaine with his wife and Brown. Afterward, Fraser and his wife took the bag upstairs to the master bedroom. Sanders and Brown went into the basement, where Brown began heating some of the cocaine in a spoon over a candle so she could inject it.

While Fraser, his wife, and the friends were inside, a neighbor, who knew that the home's owner (Fraser's client) was in jail, noticed that people were in the home and called the police to report a possible burglary. A short time later, two police officers arrived and spoke with the neighbor who reported the suspicious activity. Deciding to investigate, the officers knocked on the front door of the home, and when no one answered, the officers went to the back of the home where they found the basement door unlocked. Upon entering the basement, they immediately encountered Sanders and Brown, who were preparing the cocaine for injection. After Sanders and Brown were secured for arrest, one of the officers proceeded upstairs where he found Fraser and his wife in the master bedroom with the large freezer bag of cocaine nearby. In addition, narcotics officers called to

---

[4] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

the scene found a pipe that had been used to smoke cocaine on a counter in the master bathroom next to an ATM receipt with Fraser's name on it.

Fraser was arrested and later indicted on one count of trafficking in cocaine. During the State's case, Sanders, Fraser's wife, and Fraser's client testified as to the events leading up to Fraser's arrest. In addition, the State's expert testified that chemical testing of the 25.78 grams of substance contained in the freezer bag and of the 3.18 grams of substance confiscated from Brown indicated that the substance was in fact cocaine.

In both his amended motion for new trial and his appeal, Fraser contends that the trial court erred in failing to grant a directed verdict of acquittal. We disagree.

OCGA § 16-13-31 (a) (1) provides that, "[a]ny person who knowingly sells, manufactures, delivers, or brings into this state or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine ... commits the felony offense of trafficking in cocaine." *Blue v. State.*[5] "A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it." (Citation and punctuation omitted.) *Epps v. State.*[6]

Fraser argues that the evidence was insufficient to support his conviction because his mere presence at his client's house where the cocaine was located did not constitute possession and because less than 28 grams of cocaine was found in the room where he was arrested. However, testimony at trial showed that once Fraser found the cocaine, he not only took possession of it but used some of the drug as well. Additionally, during Fraser's own testimony, he admitted that he did not dispose of the cocaine upon finding it, but rather took it upstairs with him. Furthermore, the weight of the cocaine in the bag found in the bedroom where Fraser was arrested combined with that of the cocaine which he provided to Brown exceeded 28 grams. Although the two quantities were discovered in two different locations in the house at the time of his arrest, Fraser initially had actual possession of all of the cocaine. Accordingly, sufficient evidence supported the jury's verdict convicting Fraser of trafficking in cocaine, and the trial court did not err in denying his motion for a directed verdict of acquittal. See *Hubbard v. State.*[7]

---

[5] *Blue v. State*, 275 Ga. App. 671, 674 (2) (621 SE2d 616) (2005).

[6] *Epps v. State*, 251 Ga. App. 645, 646 (555 SE2d 25) (2001).

[7] *Hubbard v. State*, 274 Ga. App. 184, 185 (1) (617 SE2d 167) (2005).

2. Fraser contends that the trial court erred in dismissing as untimely his motion in limine to suppress unlawfully obtained evidence. We disagree.

Our Supreme Court has held that "OCGA § 17-5-30 and USCR 31.1 require that a motion to suppress evidence seized in an allegedly unlawful search be filed before arraignment." *Copeland v. State;*[8] *Van Huynh v. State.*[9] A defendant may not circumvent the requirement of a timely, written motion to suppress by couching his motion as a motion in limine. See *Copeland,* supra, 272 Ga. at 818 (2). In addition, a separate

> motion in limine to exclude testimony related to seized physical evidence must be considered in the context of the trial court's related ruling on a motion to suppress the seized physical evidence, including any ruling that defects in the affidavit supporting the search warrant or in the warrant itself were waived where no timely motion to suppress was filed.

*Walker v. State.*[10] See *Reid v. State.*[11]

Here, Fraser waived formal arraignment and pleaded not guilty on October 12, 2004. On January 24, 2005, more than three months later, he filed a "Motion In Limine To Suppress Evidence," arguing that both the cocaine and any testimony regarding the cocaine should be excluded on the ground that both were products of an unlawful search of his client's home. The motion was dismissed as untimely. Because his motion to suppress was not timely filed, Fraser failed to preserve his right to challenge the validity of the search, and he cannot circumvent the requirements of USCR 31.1 by couching his motion as a motion in limine. See *Copeland,* supra, 272 Ga. at 817-818 (2). Moreover, because Fraser's failure to file a timely motion to suppress the seized evidence waived any right to claim that the search which produced the evidence was unconstitutional, "it follows that he was not entitled to exclusion of testimony describing the physical evidence on the basis that the testimony was the fruit of an unconstitutional search." *Walker,* supra, 277 Ga. App. at 489 (3). Accordingly, the trial court did not err in dismissing Fraser's motion in limine to suppress evidence.

3. Fraser also contends that the trial court committed several reversible errors during the sentencing phase of his trial. Specifically,

---

[8] *Copeland v. State,* 272 Ga. 816, 817 (2) (537 SE2d 78) (2000).

[9] *Van Huynh v. State,* 258 Ga. 663, 664 (2) (373 SE2d 502) (1988).

[10] *Walker v. State,* 277 Ga. App. 485, 488 (3) (627 SE2d 54) (2006).

[11] *Reid v. State,* 129 Ga. App. 660, 663, n. 1 (200 SE2d 456) (1973).

Fraser claims (a) that he was prevented from speaking on his own behalf; (b) that his sentence was enhanced based on hearsay evidence, which was undisclosed prior to trial; and (c) that he was not advised of his right to sentence review.

(a) OCGA § 17-10-2 (a) provides that prior to sentencing the trial court shall hold a hearing for the introduction of "additional evidence in extenuation, mitigation, and aggravation of the punishment." (Punctuation omitted.) *Nash v. State.*[12] The statute also provides that "the defendant or [his] counsel" shall present argument to the trial court regarding punishment. (Punctuation omitted.) Id. at 12 (4). In this case, Fraser's counsel spoke on Fraser's behalf during sentencing and requested that the court impose no more than the ten-year mandatory minimum sentence. Neither Fraser nor his counsel requested that Fraser be allowed to speak for himself prior to sentencing; however, after sentence was imposed, Fraser spoke freely with the court regarding obtaining court-appointed appellate counsel. Thus, contrary to Fraser's claim, the record demonstrates that the trial court did not deny his right to speak on his own behalf.

(b) Fraser's contention that his sentence was enhanced based on hearsay evidence, which was undisclosed prior to trial or sentencing, is also without merit.

"OCGA § 17-10-2 (a) allows the State to introduce evidence in aggravation of punishment provided that only such evidence in aggravation as the [S]tate has made known to the defendant prior to the defendant's trial shall be admissible." (Punctuation omitted.) *Turner v. State.*[13] During sentencing, the State made reference to testimony, proffered by Fraser's wife and his former client at their respective plea hearings, that Fraser regularly accepted illegal drugs as payment for legal services. In support of his claim that the trial court was influenced by this improper evidence, Fraser cites the court's admonishment, in which it stated that Fraser's conduct was "a disgrace to the Bar and other members of the legal community." Because the State failed to file notice of its intent to introduce such evidence, the State's reference to this testimony was improper. See *Allen v. State.*[14] However, "there is a presumption, *in the absence of a strong showing to the contrary*, that the trial judge sifts the wheat from the chaff, ignoring illegal evidence and considering only legal evidence." (Punctuation omitted; emphasis supplied.) *Tutton v. State.*[15] Given that the court's admonishment cited by Fraser makes no

---

[12] *Nash v. State*, 225 Ga. App. 10, 11-12 (4) (482 SE2d 520) (1997).

[13] *Turner v. State*, 259 Ga. App. 902 (1) (578 SE2d 570) (2003).

[14] *Allen v. State*, 280 Ga. App. 663, 664 (1) (634 SE2d 831) (2006).

[15] *Tutton v. State*, 179 Ga. App. 462, 463 (2) (346 SE2d 898) (1986).

specific reference to the improper evidence in aggravation, Fraser has not made a strong showing that the trial court considered this improper evidence in imposing sentence. Thus, his claim that the trial court erred is without merit.

(c) Fraser further argues that the trial court erred by failing to inform him of his right to sentence review. While the record indeed indicates that Fraser was not informed of his right to sentence review, we do not agree that this failure constituted reversible error. Certainly, "the better procedure is for the trial court to advise eligible defendants of the right to seek review of [their] sentence by the sentence review board at the time of sentencing." (Punctuation omitted.) *Bruce v. State*.[16] However, a failure to so inform a defendant will rarely, if ever, be harmful error on appeal given the provisions of OCGA § 17-10-6 (a), which provides in part that

> [a]ny defendant seeking a review of such sentence or sentences shall make application therefor within 30 days of the date on which the sentence was imposed by a judge of the superior court or after the remittitur from the Court of Appeals or Supreme Court affirming the conviction is made the judgment of the sentencing court, whichever occurs last.

See id. Moreover, in this matter, Fraser did in fact file an untimely application for sentence review, which the State did not oppose. Accordingly, the trial court did not commit reversible error by failing to inform Fraser of his right to sentence review.

4. Fraser further contends that the trial court erred in denying his motion for new trial based on what he alleged to be several instances of ineffective assistance of counsel. Specifically, Fraser argues that his trial counsel was ineffective in (a) failing to object to the trial court's jurisdiction over this matter; (b) failing to timely file a motion to suppress unlawfully obtained evidence; (c) failing to object to hearsay used as evidence in aggravation of his sentence; and (d) failing to review evidence with him that would have allowed him to make an informed decision regarding his plea.

Given that Georgia does not recognize the cumulative error doctrine, we will discuss each claim of ineffective assistance separately. See *Fitz v. State*.[17] To establish ineffective assistance of counsel under *Strickland v. Washington*,[18] "a criminal defendant must prove (1) that his trial counsel's performance was deficient, and

---

[16] *Bruce v. State*, 175 Ga. App. 453, 455 (5) (333 SE2d 394) (1985).

[17] *Fitz v. State*, 275 Ga. App. 817, 824-825 (4) (622 SE2d 46) (2005).

[18] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

(2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency." (Punctuation omitted.) *Davenport v. State.*[19] See also *Mency v. State.*[20] "A court need not determine whether trial counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiency." (Punctuation omitted.) *Frazier v. State.*[21] We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous. *Rose v. State.*[22]

(a) Fraser first argues that his trial counsel performed deficiently because he failed to object to the magistrate judge's jurisdiction or authority to preside over this matter. We disagree.

"OCGA § 15-1-9.1 (b) (2) authorizes the chief judge of any court to make a written request for assistance from a judge in the same county." *Salgado v. State.*[23] Fraser cites to no legal authority in his appellate brief or evidence in the record supporting his claim that the magistrate judge was not authorized to preside over this matter and thus any objection to the magistrate's authority would have been without merit. See id. "Failure to make a meritless objection cannot be evidence of ineffective assistance." (Citations and punctuation omitted.) *Henry v. State.*[24] Accordingly, Fraser has failed to show that his trial counsel's failure to object to the magistrate's authority constituted ineffective assistance of counsel. See *Moreland v. State.*[25]

(b) Fraser also claims that his trial counsel performed deficiently in failing to timely file a motion to suppress unlawfully obtained evidence. This claim is without merit.

As discussed in Division 2, supra, "OCGA § 17-5-30 and USCR 31.1 require that a motion to suppress evidence seized in an allegedly unlawful search be filed before arraignment." *Copeland,* supra, 272 Ga. at 817 (2). Fraser, acting pro se, waived formal arraignment and pleaded not guilty on October 12, 2004. However, his trial counsel did not file an entry of appearance until November 4, 2004. Fraser argued at the hearing on his motion for new trial that counsel had actually been hired prior to his entry of appearance and that he and counsel had discussed filing a motion to suppress prior to counsel's appearance, but Fraser provided no evidence other than his own testimony

---

[19] *Davenport v. State,* 278 Ga. App. 16, 19 (2) (628 SE2d 120) (2006).

[20] *Mency v. State,* 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).

[21] *Frazier v. State,* 278 Ga. App. 685, 690 (3) (629 SE2d 568) (2006).

[22] *Rose v. State,* 258 Ga. App. 232, 234-235 (2) (573 SE2d 465) (2002).

[23] *Salgado v. State,* 268 Ga. App. 18, 21 (1) (601 SE2d 417) (2004).

[24] *Henry v. State,* 279 Ga. 615, 617 (3) (619 SE2d 609) (2005).

[25] *Moreland v. State,* 279 Ga. 641, 642 (3) (619 SE2d 626) (2005).

to support this argument. "In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for a new trial hearing, it is extremely difficult to overcome this presumption." (Punctuation omitted.) *Davis v. State.*[26] Moreover, Fraser's credibility was a matter for the trial court's discretion, and the court was not obligated to believe even his uncontradicted testimony. *Tate v. State.*[27] Because the trial court was free to disbelieve him, Fraser has failed to show that the untimely filing of his motion to suppress was the result of his trial counsel's deficient performance. See *Davenport*, supra, 278 Ga. App. at 19 (2); *Tate*, supra, 264 Ga. at 56 (3).

(c) Fraser further claims that his trial counsel's failure during his sentencing hearing to object to the State's improper reference to the testimony of his wife and his former client that Fraser regularly accepted illegal drugs as payment for legal services constituted deficient performance requiring reversal of his sentence. We disagree.

Regardless of whether or not his trial counsel's failure to object to the State's improper evidence in aggravation of sentence constituted deficient performance, Fraser was also required to show that this failure resulted in prejudice. See *West v. Waters.*[28] As stated in Division 3, supra, Fraser has failed to make a strong showing that the trial court considered the State's improper remarks in imposing sentence. Fraser therefore cannot establish prejudice and his claim of ineffective assistance as to his counsel's failure to object to the State's argument at sentencing presents no basis for the reversal of his sentence. See *Autry v. State.*[29]

(d) Finally, Fraser argues that his counsel was ineffective in failing to review evidence in the form of audio recordings of statements he made to the police at the time of his arrest. However, these recordings were not used by the State as evidence during his trial, and Fraser has made no showing as to how his counsel's failure to review the recordings either prejudiced his trial or his decision to go to trial. Accordingly, the trial court did not err in concluding that Fraser has failed to demonstrate any ineffectiveness of his trial counsel. See *Barrett v. State.*[30]

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

---

[26] *Davis v. State*, 280 Ga. 442, 443 (2) (629 SE2d 238) (2006).

[27] *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994).

[28] *West v. Waters*, 272 Ga. 591, 593 (3) (533 SE2d 88) (2000).

[29] *Autry v. State*, 250 Ga. App. 107, 109 (1) (549 SE2d 769) (2001).

[30] *Barrett v. State*, 257 Ga. App. 444, 447 (3) (b) (571 SE2d 202) (2002).

DECIDED FEBRUARY 6, 2007.

*Angela Moore-Brown*, for appellant.

*Patrick H. Head, District Attorney, Andrew J. Saliba, Dana J. Norman, Assistant District Attorneys*, for appellee.