## A11A1840. BROWN v. THE STATE.
### (724 SE2d 410)

BARNES, Presiding Judge.

A Walton County jury convicted Kendra Jamielle Brown of one count of robbery by force, after which she was sentenced to twenty years with three to be served in confinement. Brown filed a motion for new trial, which the trial court denied. She now appeals, contending that the evidence was insufficient to sustain her conviction. Upon our review, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). So viewed, the evidence shows that Brown and her aunt gave Tasha Jones a ride to the victim's house under the guise of retrieving some personal items Jones had at the victim's home. Jones and the victim had recently ended a romantic relationship. Jones testified that Brown had previously asked if the victim had any money, and that the women went to the victim's house for the specific purpose of robbing him. She further testified that on the ride to the victim's home, Brown opened the glove compartment of the car, showed her aunt a knife, and said that she "wasn't going away empty-handed." When the women arrived at the victim's house, Brown and her aunt stayed in the vehicle while Jones talked with the victim. Brown later came into the house, asked to use the restroom, then went outside again. She called for Jones to come outside and asked her what was taking so long. Jones went back into the house, and Brown stood near the open front door holding the knife at "the side of her pants."

Jones and the victim walked outside the house and as the two continued to talk, the aunt drove away and left the two women. Jones asked the victim for a ride home, and while the victim was putting on a shirt he retrieved from his vehicle, Brown gave Jones the knife and told her to "sit behind [the victim] and she would sit in

the front seat." Jones testified that she threw the knife behind the victim's Jeep, but that Brown did not know that she "got rid of [the knife]." The victim told the women that he had to go inside for a moment, and the women followed him toward the house. The victim testified that he went to the house to put some of the money he had on his person in his bedroom. Jones followed him to the bedroom, and although he could not remember where Brown was, Jones testified that she was standing partially inside the front door. The victim was then hit on the back of his head, pushed down, and someone grabbed his wallet. He could not tell which of the women hit him or pushed him. Jones testified that Brown stood near the door "looking at [her] like, come on, come on" and she then pushed the victim and he hit his head, and she pushed him again and took his wallet. Brown and Jones split the money between them and threw the wallet away. The women were arrested within hours of the crime. Jones later pled guilty to the crime charged, and testified for the State at Brown's trial.

On appeal, Brown contends that the evidence was insufficient to support her conviction. She argues that there is no evidence that she participated in the crime either directly or as a party to the crime. We do not agree.

"A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y use of force." OCGA § 16-8-40 (a) (1). Under OCGA § 16-2-20, "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." One is concerned in the commission of a crime if she "[i]ntentionally aids or abets in the commission of the crime." OCGA § 16-2-20 (b) (3).

Viewed in the light most favorable to the jury's verdict, we find that the evidence was sufficient to authorize the jury's finding of guilt of robbery by force beyond a reasonable doubt. Brown's conduct before, during and after the offense authorized the jury to find that she was not only present when the crime was committed but also actively aided and abetted the commission of the crime. "[P]resence, companionship, and conduct before and after the offense are circumstances from which an accused's participation in the criminal [enterprise] may be inferred." *Billups v. State*, 241 Ga. App. 825, 826 (1) (527 SE2d 905) (2000). Jurors make the required credibility determinations, and any inconsistencies in witness testimony must by resolved by the jury, not this Court. See *Anthony v. State*, 275 Ga. App. 274, 275 (1) (620 SE2d 491) (2005). "As long as there is some evidence, even though contradicted, to support each necessary element of the [S]tate's case, this Court will uphold the jury's verdict." Id.

The evidence shows that Brown accompanied Jones to the victim's home, was present with Jones while the victim was attacked and robbed by force, left the scene with Jones, and received part of the robbery proceeds. See *Boggs v. State,* 304 Ga. App. 698, 701 (1) (697 SE2d 843) (2010) (evidence that defendant was present at scene where victim was injured and had possession of the victim's backpack was sufficient for robbery by force conviction).

Under these circumstances, the jury was authorized to find Brown guilty of robbery by force.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED FEBRUARY 27, 2012.

*Charles E. W. Barrow,* for appellant.

*Layla H. Zon, District Attorney, Walter C. Howard, Assistant District Attorney,* for appellee.