McFadden, Judge,
concurring specially.
Although I agree with the outcome in this case, I do not agree with all that is said. I specially concur in Division 1 (a) of the majority opinion to the extent that it expresses doubt about whether the trial court violated the continuing witness rule when it allowed a page of L. G.’s diary to go out with the jury. I concur fully in the remainder of the opinion.
The page in question, which L. G. read aloud to the jury, amounted to written testimony about Goggins’s sexual acts. Therefore, “it [was] unfair and place [d] undue emphasis on [that] written testimony for the writing to go out with the jury to be read again during deliberations.” Hinton v. State, 233 Ga. App. 213, 213 (1) (504 SE2d 49) (1998) (citations omitted).“[T]he jury heard the testimony from the witness stand but [it] should not [have been] unduly emphasized by giving the jury an opportunity to read [it] one or more times after hearing [it] read in the courtroom, whereas oral testimony from the stand [was] heard only once.” Thomason v. Genuine Parts Co., 156 Ga. App. 599, 601 (275 SE2d 159) (1980). Cf. Young v. State, 292 Ga. 443, 446 (3) (b) (738 SE2d 575) (2013) (admission of letter that neither was “the reduction to writing of an oral statement, nor was it a written statement provided in lieu of testimony” did not violate the continuing witness rule).